IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE F. STEPHENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNY ESPINOZA, et al.,<br><br>    Defendants. | No. C 15-00116 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against SQSP medical officials. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who

is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that Dr. J. Espinoza and RN J. Da La Cruz, both SQSP medical officials, have unlawfully denied him replacement of his orthopedic shoes. Plaintiff claims that the orthopedic shoes are necessary to address a disorder he has that affects his equilibrium, Docket No. 6 at 41, and "severe orthopedic conditions of hips, knees, ankles, and feet," id. at 3. Plaintiff sole claim against the Defendants is: "The patient medical conditions disabilities are beyond the scope of these staff member, they did not refer me to a specific accommodation, the footware are needed." Id. at 3.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Here, Plaintiff has failed to allege that Defendants were deliberately indifferent

to his serious medical need, e.g., that they knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk. Instead, he alleges that Defendants were unqualified and unable to understand the severity of Plaintiff's medical condition. Plaintiff has failed to allege a cognizable Eighth Amendment claim against Defendants. Accordingly, the complaint is dismissed with leave to amend to allow Plaintiff to attempt to state sufficient facts to support an Eighth Amendment claim against each Defendant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 15-00116 HRL (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that an amended complaint supersedes the original complaint, and Plaintiff may not make references to the original complaint. Claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: 4/17/15

HOWARD R. LLOYD
United States Magistrate Judge

Order of Service
P:\PRO-SE\HRL\CR.15\00116Stephens_svc.wpd

3